**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2019[*]
Decided September 18, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-2223

| | |
|---|---|
| ROBERT WILLIAMS, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 C 8135 |
| JONATHAN KELLY and WEXFORD HEALTH SOURCES, INC., <br>     *Defendants-Appellees*. | Amy J. St. Eve, <br> *Judge*. |

**O R D E R**

Robert Williams, an Illinois inmate, sued his prison's medical providers for violating the Eighth Amendment by failing to warn him of a potential side effect of a prescription drug that he had taken without incident for over a decade. The district court entered summary judgment for the defendants. Because Williams provided no

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

evidence that the defendants were deliberately indifferent to a serious problem with Williams taking his drug, we affirm.

We construe the facts and draw reasonable inferences in favor of the nonmoving party, Williams. *See Arnett v. Webster*, 658 F.3d 742, 749 (7th Cir. 2011). Williams has schizophrenia and bipolar disorder. Starting in the late-1990s, prison doctors prescribed Risperdal to treat these conditions. Williams transferred to Stateville Correctional Center in 2012, and he saw the prison's psychiatrist, Dr. Jonathan Kelly, who renewed Williams's prescription for Risperdal. Williams continued to take Risperdal until March 2014, when, for the first time, he complained to Dr. Kelly that his chest was swelling. Dr. Kelly told Williams that this condition, gynecomastia (increased breast tissue), was a potential side effect of Risperdal. The doctor then prescribed another drug.

Invoking 42 U.S.C. § 1983, Williams sued Dr. Kelly and Wexford Health Sources, the prison's medical-services contractor, for violating the Eighth Amendment. He accused Dr. Kelly of deliberately ignoring his health needs by not warning him in 2012 that gynecomastia was a possible side effect of Risperdal. Williams also faulted Wexford Health Sources for lacking a policy that requires prison doctors to warn patients about the potential side effects of this drug.

The district court entered summary judgment for the defendants. First, the court ruled that Williams did not put forth evidence that Dr. Kelly departed from accepted medical practice. Second, the court concluded that Williams failed to show that Wexford's policies caused a constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

On appeal, Williams does not address the district court's reasoning or make any legal argument for disturbing the judgment. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Instead, he improperly incorporates other documents by reference, *see Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 435–36 (7th Cir. 2002), relying entirely on his district-court brief and statement of facts in opposition to the defendants' motion for summary judgment. But even if we generously construe his pro se appellate brief as arguing that he raised a triable failure-to-warn claim against Dr. Kelly and Wexford, he must lose.

To survive summary judgment, Williams had to furnish evidence that Dr. Kelly knew of and disregarded a substantial risk of serious harm to Williams's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the context of his claim that Dr. Kelly

should have warned him about the risk of gynecomastia in 2012, Williams needed to put forward evidence that this side effect posed a substantial risk of serious harm to him. *See id*. But Williams has not presented any admissible evidence of the magnitude of the risks of taking Risperdal long-term. Rather, his decade-long, problem-free use of the drug suggests that in 2012 his continued use of the drug would pose little risk to him. Based on this record and the facts available to Dr. Kelly in 2012, no reasonable jury could conclude that his failure to warn was reckless. *See id.* at 839; *see also Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc).

Williams's claim against Wexford also fails. Williams needed to show that Wexford knew about serious health risks created by its policies (or "gaps" in its policies) regarding the side effects of drugs. *See Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Thomas v. Cook Cty. Sherriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). But Williams has not furnished evidence that Wexford knew of any doctors who had failed to warn their patients of substantially risky, serious side effects from their prescribed drugs.

AFFIRMED